IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| DANA D. COX and | ) | CASE NO. BK05-82162 |
| ELIZABETH D. COX, | ) | A06-8029 |
| | ) | |
| Debtors. | ) | CH. 13 |
| DANA D. COX and | ) | |
| ELIZABETH D. COX, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BENEFICIAL NEBRASKA, INC., | ) | |
| d/b/a BENEFICIAL MORTGAGE CO.; | ) | |
| and GREEN TREE SERVICING, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

This matter came before the court on Filing No.29, Motion for Summary Judgment Filed by the Plaintiffs Dana D. Cox and Elizabeth D. Cox. No objection has been filed. Plaintiffs have filed a Brief in Support of Summary Judgment (Fil. #30). No briefs have been submitted by the defendants, although Defendant Green Tree Servicing, LLC has submitted an affidavit in support of the motion (Fil. #34). Thomas P. Kenny represents the debtors; Brian S. Kruse and Rick D. Lange represent Defendant Beneficial Nebraska, Inc, d/b/a Beneficial Mortgage Co.; and Donald G. Furlow represents Defendant Green Tree Servicing, LLC. The matter was taken under advisement as submitted without hearing. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. §157(b)(2)(K).

Background

The Plaintiffs/Debtors, Dana and Elizabeth Cox, filed for relief under Chapter 13 of the Bankruptcy Code on June 3, 2005. On February 7, 2006, the Plaintiffs began an adversary proceeding to determine the validity, priority and extent of the lien held by Defendant Beneficial Nebraska, Inc., in regards to the Plaintiffs' primary residence, real property legally described as Lot 317M, Beaver Lake Subdivision, Cass County, Nebraska, commonly known as 2514 Murray Road, Plattsmouth, Nebraska. On September 28, 2006, this Court ordered the Plaintiffs to add Defendant Green Tree Servicing, LLC, which holds two liens on the same real property legally described above. The Plaintiffs amended their complaint to comply with this order on October 4, 2006. The

Plaintiffs filed a Motion for Summary Judgment on February 14, 2007. The Plaintiffs argue that the first and second perfected security interests of Green Tree Servicing, L.L.C., exceed the fair market value of the Plaintiffs' property and that the third lien of Beneficial Nebraska, Inc., is wholly unsecured. As such, they argue that the wholly unsecured lien should be stripped or avoided from the real property entirely.

All parties agree on the following facts:

- The Plaintiffs are the owners of real property legally described as Lot 317M, Beaver Lake Subdivision, Cass County, Nebraska, commonly known as 2514 Murray Road, Plattsmouth, Nebraska.

- At the time of the filing of the Plaintiffs' bankruptcy proceeding on or about June 3, 2005, Defendant Beneficial was a creditor of the plaintiffs. That as of March 1, 2006, the debt secured by Beneficial's lien was $45,349.21 plus fees, costs, and expenses allowed by applicable law, plus interest, fees, and costs after said date to the extent allowed by law.

- At the time of the filing of the plaintiffs' bankruptcy proceeding on or about June 3, 2005, defendant Green Tree was a creditor of the plaintiffs. Green Tree Servicing L.L.C., holds a first lien against the real property in the approximate amount of $106,147.52.

Discussion

SUMMARY JUDGMENT

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. Bankr. R. 7056; Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). However, the nonmoving party may not merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise showing that a genuine issue exists. Forrest v. Kraft Foods, Inc., 285 F .3d 688, 691 (8th Cir. 2002).

BENEFICIAL LIEN AS WHOLLY UNSECURED

It is uncontroverted that the value of the property is less than the debt to Green Tree Servicing. The first legal issue presented is whether the junior lien held by Beneficial Nebraska is

secured in whole or in part by the value of the Plaintiff's real property at 2514 Murray Road, Plattsmouth, Nebraska. The term "secured claim" can be construed in two ways. First, it may be interpreted in the literal sense, that is, a claim that is secured by a lien on collateral. Second, it may be interpreted in the "Bankruptcy Code" sense where a claim is secured to the extent that there is equity in the collateral that secures the claim. In re Hornes, 160 B.R. 709, 711 (Bankr. D. Conn. 1993).

The uncontroverted loan documents and recorded deeds of trust along with the affidavit of the business record keeper for Defendant Green Tree Servicing, L.L.C., demonstrate that no material issue of fact exists as to the priority of liens. Beneficial Nebraska holds the third lien on the property. The value of the collateral is far below the amount owed on the first two liens, leaving the third lien wholly unsecured in the "Code" sense.

Summary of relevant facts:

1. June 1, 1999, Deed of Trust recorded in favor of Green Tree Financial Servicing at 10:58 a.m. in Book 335, Page 1, by the Register of Deeds, Cass County, Nebraska. The principal loan amount of $113,204.41. Loan # 35423750 (Exhibit 2; Filing 34).

2. December 21, 1999, Deed of Trust recorded in favor of Green Tree Financial Servicing at 9:18 a.m. in Book 345, Page 496, by the Register of Deeds, Cass County, Nebraska. The principal loan amount of $30,000.00. Loan # 6905934839 (Exhibit 4; Filing 34).

3. December 21, 1999, Deed of Trust recorded in favor of Green Tree Financial Servicing at 9:20 a.m. in Book 345, Page 502, by the Register of Deeds, Cass County, Nebraska. The principal loan amount of $29,800.00. Loan # 6905923881 (Exhibit 6; Filing 34).

4. July 20, 2001, Defendant Beneficial Nebraska tendered a payoff of Green Tree loan # 69059233881 and Defendant Green Tree released its lien. (Affidavit of Shelly Walz, Filing #34).

5. August 1, 2001, Deed of Trust recorded in favor of Beneficial Nebraska, Inc. d/b/a Beneficial Mortgage Co. at 3:35 p.m. in Book 379, Page 209, by the Register of Deeds, Cass County, Nebraska. The principal loan amount of $46,986.22. Loan # 611701 (Beneficial proof of claim, claim 4 on claims register).

6. June 11, 2002, Deed of Reconveyance recorded at 10:09 a.m. in Book 402, Page 573, by the Register of Deeds, Cass County Nebraska. The principal sum of $29,800.00 in Loan # 6905923881, secured by the Deed of Trust recorded in Book 345, Page 502, was satisfied (Exhibit 7; Filing 34).

The Plaintiffs granted deeds of trust to the lender Green Tree Financial Servicing for three

separate loans. The first loan was made in May 1999. The second and third loans were both made on the same date in December 1999. All were duly recorded and the security interests perfected. When Beneficial Nebraska made a loan to the Plaintiffs on July 16, 2001, for the principal amount of $46,986.22, it paid off only the third secured Green Tree lien. The first and second Green Tree liens remained perfected at all times. Beneficial is charged with constructive notice of the two prior duly recorded liens. Neb. Rev. Stat. § 76-238. The Beneficial Nebraska Lien, as the third validly recorded lien on the real property in question, takes third priority.

The value of the Plaintiff's primary residence, 2514 Murray Road, Plattsmouth, as established by Hayes Appraisal Assoc., L.L.C. in a June 22, 2005, appraisal is around $115,000.00. This is the only appraisal on record of the property. The total owed by the Plaintiffs on the first and second priority liens to Green Tree Financial is approximately $132,710.00. The third priority lien held by Beneficial Nebraska in the approximate amount of $45,349.21 is wholly unsecured by the value of the real property.

AVOIDANCE OF WHOLLY UNSECURED LIEN IN CHAPTER 13

The second legal issue presented here is whether the debtors in Chapter 13 may "strip off" or wholly avoid the lien of a junior mortgagee where there is no equity securing its security interest in the property. This question has already been decided in this jurisdiction by In re Sanders, 202 B.R. 986 (Bankr. D. Neb. 1996).

In Sanders, the junior mortgagee argued that avoidance of its lien in the Chapter 13 plan would impermissibly modify its rights as a holder of a claim secured by a security interest in the debtors' personal residence under 11 U.S.C. § 1322(b)(2).

The Code at § 1322(b)(2) provides:

(b) Subject to subsections (a) and (c) of this section, the plan may —
. . . .
(2) modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims[.]

11 U.S.C. § 1322(b)(2) (emphasis supplied).

As support for its position, the junior mortgagee cited the United States Supreme Court in Nobelman v. American Savings Bank, 508 U.S. 324, 113 S. Ct. 2106, 124 L. Ed. 2d 228 (1993). In Nobelman, the United States Supreme Court held that under § 1322(b)(2), a debtor could not strip off the lien of a partially secured creditor that held a lien on the debtor's principal residence. The Court analyzed the term "claim" in the "other than ..." clause of § 1322(b)(2), finding it did not refer back to the term "secured claims" in the preceding clause, but rather stood on its own and its definition encompassed both the secured and unsecured components of a partially secured creditor's

claim. 508 U.S. at 330-31, 113 S. Ct. at 2111.  The <u>Nobelman</u> decision did not address the claims of creditors like Beneficial Nebraska that are wholly unsecured by the value of the collateral.

This court in <u>Sanders</u> found that in order for § 1322(b)(2) to control, the lien creditor must have a wholly or partially secured lien under a § 506(a) analysis of the claim:

> However, the § 506(a) analysis approved of by the [<u>Nobelman</u>] court would be superfluous if any claim secured by a lien on the debtor's principal residence were protected by the anti-modification provision. In other words, there would be no need for a § 506(a) analysis if fully secured, partially secured, and totally unsecured home mortgage lienholders all received the protection of the anti-modification provision, because in that instance any value assigned to the lienholder's claim components would be irrelevant in the treatment of the claim under § 1322(b)(2).

<u>Sanders</u>, 202 B.R. at 990. <u>See also</u> this court's recent ruling in <u>In re Matthew & Kimberly Valentine</u>, Case No. BK07-40039 (Bankr. D. Neb. Mar. 23, 2007), that, pursuant to the <u>Nobelman</u> and <u>Sanders</u> decisions, a lien may not be stripped down absent sufficient evidence that there is no equity in the property above the prior liens.

In the current case, Beneficial Nebraska does not hold a secured claim in the "Code" sense of § 506(a). Therefore, its claim is unsecured in the "Code" sense, and may be modified by a Chapter 13 plan according to a plain reading of § 1322(b)(2).

This court is not alone in determining that a Chapter 13 debtor may strip off a junior mortgagee's wholly unsecured lien.  <u>See</u> <u>Pond v. Farm Specialist Realty (In re Pond)</u>, 252 F.3d 122 (2d Cir. 2001); <u>McDonald v. Master Fin., Inc. (In re McDonald)</u>, 205 F.3d 606 (3d Cir. 2000); <u>Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)</u>, 212 F.3d 277 (5th Cir. 2000); <u>Lane v. W. Interstate Bancorp (In re Lane)</u>, 280 F.3d 663, (6th Cir. 2002); <u>Zimmer v. PSB Lending Corp. (In re Zimmer)</u>, 313 F.3d 1220 (9th Cir. 2002); <u>Tanner v. FirstPlus Fin., Inc. (In re Tanner)</u>, 217 F.3d 1357 (11th Cir. 2000); <u>Johnson v. Asset Mgmt. Group, L.L.C. (In re Johnson)</u>, 226 B.R. 364 (D. Md. 1998); <u>Domestic Bank v. Mann (In re Mann)</u>, 249 B.R. 831 (B.A.P. 1st Cir. 2000); <u>Griffey v. U.S. Bank (In re Griffey)</u>, 335 B.R. 166 (B.A.P. 10th Cir. 2005); <u>Lam v. Investors Thrift (In re Lam)</u>, 211 B.R. 36, 41 (B.A.P. 9th Cir. 1997).

<u>Decision</u>

No material facts are in dispute.  Plaintiffs may strip off the wholly unsecured lien held by Beneficial Nebraska, Inc., for the purposes of the Chapter 13 plan.  However, the third lien shall not be avoided until the Plaintiffs complete the Chapter 13 plan in its entirety.  In the event the Chapter 13 case is converted or dismissed prior to plan completion, Beneficial Nebraska, Inc., would continue to hold a valid and unavoided lien secured by the Plaintiffs' real property.  For this reason no documentation of lien avoidance need or shall be recorded until such time as the Plaintiffs successfully complete the Chapter 13 plan. The Plaintiffs Motion for Summary Judgment is granted.

Separate judgment will be filed.

DATED: April 9, 2007

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
*Thomas P. Kenny
Brian S. Kruse
Rick D. Lange
Donald G. Furlow
Kathleen A. Laughlin
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.